UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:
    MICHAEL J. CANAPE,                            Case No. 20-10303
                             Debtor.               Chapter 7
_____

    DANIEL SAMP, SAMP INSURANCE AGENCY, INC. &
    PURPOSE INSURANCE AGENCY, INC.,
                         Plaintiff(s),
    v.
                                                    Adv. No. 21-90001
    MICHAEL J. CANAPE,
                         Defendant.
_____

APPEARANCES:

John David Wright, Esq.
Bartlett, Pontiff, Stewart & Rhodes, PC.
*Attorney for the Plaintiffs*
PO Box 2168
1 Washington Street
Glens Falls, New York 12801

Christian H. Dribusch, Esq.
The Dribusch Law Firm
*Attorney for the Defendant*
1001 Glaz Street
East Greenbush, New York 12061

Robert E. Littlefield, Jr., United States Bankruptcy Judge

## MEMORANDUM, DECISION-ORDER

       Currently before the Court is a motion, by Michael J. Canape ("Canape" or "Debtor"), pursuant to Federal Rules of Bankruptcy Procedure (collectively "Rules" or individually "Rule") 7012,[1] to dismiss an Adversary Complaint filed by Daniel Samp, Samp Insurance Agency, Inc.

---

[1] The Debtor does not cite to a particular subsection of the Rule. Apparently, the Debtor relies on Federal Rules of Civil Procedure ("FRCP") 12(b)(6), "failure to state a claim upon which relief can be granted." FRCP 12(b)-(i) are made applicable by Rule 7012(b).

and Purpose Insurance Agency, Inc. (collectively "Samp" or "Creditor")[2] objecting to the Debtor's discharge pursuant to Rule 4004.[3] The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), (b)(2)(J) and 1334(b).[4] For the reasons that follow, the Debtor's motion is granted and the complaint is dismissed.[5]

## FACTS

1. On July 18, 2016, Canape purchased insurance agency assets, including but not limited to, the book of business and office equipment of Daniel Samp, Samp Insurance Agency, Inc. and Purpose Insurance Agency, Inc. (ECF No. 1 at ¶ 10).[6]

2. Samp partially financed the arrangement. *Id*. at ¶ 11.

3. On February 25, 2020, Canape filed a Chapter 7 petition. (BKR Doc. 1).

---

[2] *See infra* fact 1.

[3] Rule 4004 is titled "Grant or Denial of Discharge" and states in pertinent part:

> (a) TIME FOR OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 case, a complaint . . . objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a).
>
> (b) EXTENSION OF TIME.
>
> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.
>
> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

[4] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2021) (the "Bankruptcy Code").

[5] Samp has a motion pending before the Court to extend the time to file a complaint objecting to discharge pursuant to Rule 4004(b)(2). The Court declines to consider that relief *nunc pro tunc*. A decision on whether cause exists to allow an extension of time to object to discharge via a new complaint will be issued separately.

[6] Documents in the adversary proceeding are referenced as "ECF No. ___" and those in the main case are referenced as "BKR Doc. ___."

4. Samp was listed as a creditor and received notice of the filing. *Id*.

5. The last day to object to the Debtor's discharge was June 1, 2020. *Id*.

6. On March 24, 2020, Samp filed a motion requesting an extension of time to object to the Debtor's discharge. (BKR Doc. 22).

7. Samp's default motion was returnable on April 22, 2020. (BKR Doc. 21)

8. No opposition to the motion was interposed.

9. No specific extension date to the objection deadline was requested. *Id*.

10. No order granting the motion was submitted within 30 days as mandated by Local Bankruptcy Rule 9013-4(a).

11. On June 1, 2020, the United States Trustee ("UST") filed a motion ("UST Motion") to extend the time to object to the Debtor's discharge. (BKR Doc. 37).

12. On June 17, 2020, the Debtor objected to the UST Motion. (BKR Doc. 50).

13. On July 22, 2020, the UST Motion was granted over opposition. (BKR Doc. 63).

14. The Order ("July Order") extended the time for the UST and the Chapter 7 Trustee ("Trustee") to object to the Debtor's discharge until October 31, 2020. *Id*.

15. On October 26, 2020, the UST and the Debtor stipulated ("UST Stip. 1") to a further extension of time for the UST and the Trustee to object to discharge until December 31, 2020. (BKR Doc. 90).

16. On October 27, 2020, the Court approved UST Stip. 1 ("October Order"). (BKR Doc. 91).

17. On December 29, 2020, the UST and the Debtor agreed ("UST Stip. 2") to a final extension of time for the UST and the Trustee to object to discharge until February 24, 2021. (BKR Doc. 95).

18. On December 30, 2020, the Court approved UST Stip. 2 ("December Order"). (BKR Doc. 96).

19. Neither the UST nor the Trustee filed a complaint objecting to the Debtor's discharge.

20. On February 24, 2021, Samp filed a complaint (the "Complaint") in the main case objecting to Canape's discharge. (BKR Doc. 107).

21. On March 1, 2021, Samp withdrew the Complaint. (BKR Doc. 109).

22. On February 25, 2021,[7] Samp initiated the current Adversary Proceeding ("AP"). (ECF No. 1).

23. On March 9, 2021, the Debtor filed a motion to dismiss ("MTD") the AP. (ECF No. 3).

24. On March 24, 2021, Samp filed an affidavit ("Samp Affidavit") in opposition to the MTD. (ECF No. 10).

25. On March 31, 2021, the Court heard oral argument. (ECF No. 11).

26. The MTD was adjourned to May 12, 2021, to allow for the submission of additional pleadings. The matter was fully before the Court on that day.

## ARGUMENTS

Canape posits that the AP is untimely for two reasons. First, the December Order grants an extension of time to only the UST and the Trustee. Without the protection of the December Order, Samp's complaint was filed late. Second, even if he had the safe harbor of the December Order, the Complaint was filed after the close of business of the Bankruptcy Court Clerk's Office, thus, running afoul of Rule 9006(a)(4).[8] The Debtor concludes, without an extension of

---

[7] Samp's attorney, John Wright, Esq. ("Wright"), indicates the Bankruptcy Court Clerk's Office advised his assistant the filing deadline was February 25, 2021, not February 24, 2021.

[8] The Court need not address the time of day argument because the Court finds the AP was filed months after the objection deadline of June 1, 2020. *See supra* fact 5.

time, an objection to discharge must "be made within 60 days or not at all." *In re Chalasani*, 92 F.3d 1300, 1310 (2nd Cir. 1996).

Samp contends he was fully involved in the administration of the Debtor's case and, in good faith, believes the extensions granted to the UST and the Trustee apply to him as well. He explains his understanding is based on numerous communications with the Trustee, including one referencing "our motion."[9] He further argues, pursuant to § 105, the Court should allow him to proceed with his objection in order to "exercise his substantive right within this court." (Samp Affidavit at ¶ 14).[10]

## DISCUSSION

The Court's docket reflects four (4) filings regarding an extension of time to object to the Debtor's discharge: one (1) by Samp and three (3) by the UST. On March 24, 2020, Samp filed a motion to extend, which was returnable on April 22, 2020. It was a default hearing; no opposition was filed. However, no specific extension was requested. More importantly, no order permitting the extension was ever submitted by Samp pursuant to Local Rule 9013-4(a). Only the Court may extend the time to object[11] and without an order extending the deadline, Samp's time to object expired on June 1, 2020.

---

[9] The Court notes, the "our motion" referenced by the Trustee concerns the UST Motion which included the UST and Trustee.

[10] Samp also proposes under "Bankruptcy Rule 404(c)" this Court may "extend the time for filing a complaint objecting to discharge." Samp Affidavit at ¶ 10. However, Rule 404(c) was utilized by the Bankruptcy Act of 1898. The Bankruptcy Act and all bankruptcy related laws in force at the time were repealed by § 401(a) of the Bankruptcy Reform Act of 1978. While remaining applicable under Interim Bankruptcy Rule 4002 during the transition from the Bankruptcy Act to the Bankruptcy Code, Rule 404(c) was officially retired in all instances for actions not finally determined before April 1, 1985.

[11] *Franzone v. Elias (In re Elias)*, 2014 U.S. Dist. LEXIS 39591, at *7 (E.D.N.Y. Mar. 24, 2014) (citation omitted).

Samp's alternative position provides no solace. He argues that he should receive the benefit of the extensions of time provided by the July, October and December Orders. This Court disagrees. The UST Motion was filed on June 1, 2020, and ultimately granted, over opposition, on July 15, 2021. However, the July Order specifically extends the time to object to only the UST and the Trustee, not Samp. Similarly, UST Stip. 1 and UST Stip. 2 explicitly reference only the UST and the Trustee.[12] As stated by the Bankruptcy Court, Eastern District of New York:

> Here, each of the extension motions and resulting orders were extensions as to the Trustee and the UST *only*, respectively. The terms of all orders, including the so ordered stipulations . . . specially referenced the Trustee and/or UST and no other party-in-interest. At no time did [the movant] . . . seek to join or intervene in any extension motions filed by the UST or Trustee. Therefore, [the movant's] deadline to commence a Section 727 action expired . . . .

*Summitbridge Nat'l Invs. LLC v. Balzano (In re Balzano)*, No.17-73511, 2021 Bankr. LEXIS 665, at *10-11 (E.D.N.Y. March 10, 2021) (emphasis added).

Further, the cases Samp cites do not support his cause. First, the Creditor relies on *Burger King Corp. v. B-K of Kansas, Inc.*, 73 B.R. 671 (D. Kan. 1987), for the proposition that the Rules do not expressly limit an extension to the party who files the motion. In *Burger King*, two (2) creditors requested extensions of time to file dischargeability complaints. 73 B.R. at 673. The Order granting the motions did not mention any specific creditor. *Id*. A third creditor subsequently filed an untimely complaint. *Id*. When the Debtor moved to dismiss, the plaintiff argued the Orders extending time to the first two creditors, together with the language of the Rule 4007(c)[13] gave the Court ability to authorize the filing. *Id*. After analyzing the law, the District Court found the Rule does not specifically restrict the relief to the moving party. However, after reviewing the facts, the District Court further found that there were none

---

[12] *See* s*upra* facts 15 & 17.

[13] The requirements to extend time regarding dischargeability pursuant to Rule 4007(c) mirror those of Rule 4004(b) regarding discharge.

-6-

presented that would provide the relief sought by the creditor. Consequently, the District Court found the time to object had expired and the complaint was dismissed.[14] *Id*.

The facts of the present case are even more straightforward than *Burger King*. Here, the July, October and December Orders specify the parties included in the extensions, the UST and Trustee. Accordingly, this Court arrives at the same determination as in *Burger King*: the time to object has expired.

Second, Samp argues, "even assuming that an order extending the deadline to object would normally benefit the movant only, general equitable powers of bankruptcy court would allow an extension of the deadline." (Samp Affidavit at ¶ 13). He relies on § 105(a)[15] and *In re Demos*, 57 F.3d 1037 (11th Cir. 1995). In *Demos*, a 2004 examination was scheduled but the date conflicted with debtor attorney's calendar. 57 F.3d at 1038. "Counsel for the parties conferred and worked out an arrangement to protect the creditors and to accommodate the problems of Debtor's attorney." *Id*. As part of the arrangement protecting creditors, the trustee filed a "Motion to Extend the Times for Objections to Claimed Exemptions and Complaints to Determine Dischargeability and Objecting to Discharge[,]" citing explicitly to § 105 and the Court granted the unopposed motion. *Id*.

When a creditor filed a complaint beyond the original bar date but within the extended deadline, the debtor objected. *Id*. The Bankruptcy Court dismissed the complaint as untimely and the District Court affirmed. *Id*. The Eleventh Circuit reversed, ruling the creditor could rely on

---

[14] Upon filing, the case was automatically referred to the Bankruptcy Court. An Adversary Proceeding was filed involving alleged trademark infringement and an alleged RICO action. To "straighten out" the "maze of complex procedural motions" the District Court withdrew the reference and dismissed the Adversary Proceeding as untimely filed. 73 B.R. at 672, 675.

[15] § 105(a) states in relevant part, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

the order of the Bankruptcy Court. *Id*. at 1040. In *Demos*, unlike the current matter, the debtor joined in the motion which "specifically referred to creditors." *Id*. at 1039, n.3. The Eleventh Circuit reasoned the inclusion of the Debtor's imprimatur to a motion referring to creditors was indicia the extension could be reasonably relied on by more than just the movants. *Id*. at 1039. In the case at bar, the Court has not granted any party other than the UST and Trustee extensions of time.

Additionally, in *Demos*, the Trustee's motion requested an extension of time regarding dischargeability of individual debts as well as objections to discharge. *Id*. at 1038. Trustees are normally concerned with whether the debtor deserves an overall discharge, not issues involving individual debts. By including "dischargeability of individual debts" in the motion, the trustee makes clear all creditors were intentionally included in the request. This crucial distinction is not present in the current matter and, therefore, *Demos* is distinguishable.

Next, Samp relies upon *In re Riso*, 57 B.R. 789 (D.N.H. 1986), contending it permits him to exercise his right to object to discharge. In *Riso*, a Chapter 7 case was transferred from the Southern District of Florida, due to improper venue, to the District of New Hampshire. 57 B.R. at 790. Thereafter, a creditor moved to extend the time to object to discharge, which was granted. *Id*. The Bankruptcy Clerk's Office then mistakenly served an order extending the deadline to object to discharge beyond the date allowed by the Court. *Id*. The creditor, in reliance on the erroneous order, filed a complaint within the time permitted by the inaccurate order. *Id*. The debtor moved to dismiss the adversary proceeding as untimely. *Id*. The Bankruptcy Court denied the motion to dismiss invoking the Court's equitable power. *Id*. at 791.

On appeal, the District Court affirmed, "[T]he bankruptcy court has the inherent equitable power to correct its own mistake to prevent an injustice." *Id*. at 793. Accordingly, the filing was

permitted. *Id*. In the present case, there is no change of venue and no reliance on a Clerk's Office error. The Bankruptcy Court Clerk's Office's inaccurate statement regarding the deadline of the December Order[16] did not prejudice Samp because his time to file an objection to Debtor's discharge expired on June 1, 2020. Due to the significant factual differences, the Court finds the cases relied upon by Samp are inapplicable and, consequently, unpersuasive.

Finally, at oral argument the Court questioned Wright why he relied on other parties' stipulated extensions when the case law does not support this position. He concedes, "Hindsight is definitely 20/20 . . . there is no getting around that." (ECF No. 11, March 31, 2021, Hrg. at 8:10). Notwithstanding plaintiff counsel's arguments, this Court finds Samp could not reasonably rely on the extensions of time provided to the UST and Trustee and there is no basis for the Court to exercise its equitable powers under § 105.

## CONCLUSION

Since an order was not submitted permitting an extension of time, Samp's opportunity to object expired on June 1, 2020. The enlargements of time granted to the UST and the Trustee are of no assistance as they specifically involve only those two entities. For all these reasons, the Debtor's Motion to Dismiss is granted. However, the dismissal is without prejudice, thus, allowing the Court to analyze Samp's § 4004(b)(2) motion.[17] This AP may be closed in due course.

Dated: November 24, 2021  /s/ Robert E. Littlefield, Jr.
      Albany, New York  Robert E. Littlefield, Jr.
        United States Bankruptcy Judge

---

[16] *See* n.7.

[17] *See* n.5.